|   |   |   |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:17-cv-00357-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| ELDORADO NEIGHBORHOOD SECOND HOMEOWNERS ASSOCIATION; 1832 FEATHERBROOK AVENUE TRUST, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Pending before the Court is the Motion for Summary Judgment, (ECF No. 25), filed by Defendant Eldorado Neighborhood Second Homeowners Association (the "HOA"). Plaintiff Bank of America, N.A., ("BANA") filed a Response, (ECF No. 32), and the HOA filed a Reply, (ECF No. 35).

Also pending before the Court is BANA's Motion for Partial Summary Judgment, (ECF No. 26). The HOA filed a Response, (ECF No. 33), and BANA filed a Reply, (ECF No. 34). For the reasons discussed below, the Court **GRANTS** BANA's Motion and **DENIES** the HOA's Motion.[1]

**I.    BACKGROUND**

BANA filed its Complaint on February 6, 2017, asserting claims involving the non-judicial foreclosure on real property located at 1832 Featherbrook Avenue, North Las Vegas, Nevada (the "Property"). (Compl. ¶ 6, ECF No. 1). On October 4, 2007, non-parties David W.

---

[1] Also pending before the Court is the HOA's Motion to Dismiss, (ECF No. 10). However, because the Court is denying the HOA's Motion for Summary Judgment in light of *Bourne Valley*, the Court **DENIES** the HOA's Motion to Dismiss as moot.

Counts and Dionne Counts purchased the property by way of a loan in the amount of $253,029.00 secured by a Deed of Trust ("DOT") recorded October 5, 2007. (*Id.* ¶ 11).

On June 10, 2011, the HOA, through its agent Terra West Collections Group LLC d/b/a Assessment Management Services ("AMS") recorded a notice of delinquent assessment lien. (*Id.* ¶ 16). On December 14, 2011, the HOA recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (*Id.* ¶ 17). On September 20, 2012, the HOA recorded a notice of trustee's sale. (*Id.* ¶ 26). On September 26, 2013, 1832 Featherbrook Avenue Trust ("Featherbrook Trust") purchased the Property at the foreclosure sale pursuant to NRS § 116.1113. (*Id.* ¶ 26).

BANA asserts the following causes of action against various parties involved in the foreclosure and subsequent sales of the Property: (1) quiet title with a requested remedy of declaratory judgment; and (2) injunctive relief. (*Id.* ¶¶ 27–63).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## II. DISCUSSION

BANA asserts claims against Defendants for quiet title and injunctive relief. The Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), before turning to BANA's injunction claim.

### A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States*

*v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT. Therefore, the Court must quiet title as a matter of law in favor of BANA as assignee of the DOT.

### B. BANA's Remaining Claim for Injunctive Relief

In its prayer for relief, BANA requests for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests. (Compl. at 12). Due to the Court's grant of partial summary judgment for BANA's quiet title claim, this claim is now moot, and it is therefore dismissed.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion for Partial Summary Judgment, (ECF No. 26), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Eldorado Neighborhood Second Homeowners Association's Motion for Summary Judgment, (ECF No. 25), is **DENIED**.

**IT IS FURTHER ORDERED** that Eldorado Neighborhood Second Homeowners Association's Motion to Dismiss, (ECF No. 10), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that that the parties shall submit a joint status report identifying whether there are any non-moot claims remaining in light of this Order. The parties shall have twenty-one (21) days from the date of this Order to file the status report. Failure to do so will result in the Court dismissing the remaining claims as moot and closing the case.

**DATED** this __30___ day of November, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge